UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DAVID LONICH, SEAN CUTTING, and BRIAN MELLAND,<br>Defendants. | Case No. 14-cr-00139-SI-1<br>Case No. 17-cr-00139 SI<br>**ORDER DENYING DEFENDANTS' MOTIONS FOR BAIL PENDING APPEAL**<br>Re: Dkt. Nos. 924, 928, 931 in 14-cr-139 SI<br>Re: Dkt. Nos. 408, 413 in 17-cr-139 SI |

On January 17, 2020, the Court held a hearing on defendants' motions for bail pending appeal. After a six week trial and seven days of deliberations, a jury returned guilty verdicts against all defendants.[1] The Court sentenced defendants on August 3, 2018. The Court sentenced Cutting and Melland to 100 months imprisonment to be followed by 36 months supervised release, and sentenced Lonich to 80 months imprisonment to be followed by 36 months supervised release. Defendants self-surrendered in October 2018. Defendants' appeal is pending in the Ninth Circuit Court of Appeals.

---

[1] The jury found Cutting guilty on Count 1 (conspiracy to commit bank fraud), Count 2 (bank fraud), Count 5 (false bank entry regarding the Petaluma Greenbriar 5 ("PG5") loan), Count 6 (conspiracy to make false statements to the FDIC), Count 7 (misapplication of bank funds), Count 8 (false statements to the FDIC), Count 10 (conspiracy to commit wire fraud), Counts 11-15 (wire fraud), Counts 19-30 (money laundering) and Counts 32-36 (false bank entries regarding the condo letters). The jury found Cutting not guilty on Count 3 (false bank entry regarding the Petaluma Greenbriar 1 ("PG1") loan), Count 4 (false bank entry regarding the Petaluma Greenbriar 2 ("PG2") loan), and Count 16 (wire fraud regarding the Terra Capital partners email dated October 18, 2010). The jury found Melland guilty on Counts 1-8, Count 9 (receipt of gifts for procuring loans), Counts 10-15, 19-30, and 32-36, and not guilty on Count 16. The jury found Lonich guilty on Counts 1 and 2, 10-15, 19-30, 32-36, and Count 37 (obstruction of justice). As with his co-defendants, the jury found Lonich not guilty on Count 16.

Where a defendant is convicted and sentenced to prison, the district court is required to detain the defendant pending appeal unless the defendant can show: (1) by clear and convincing evidence that he does not pose a flight risk or danger to the community; (2) the appeal is not for purposes of delay; and (3) the appeal raises a substantial issue of law or fact that is likely to result in reversal, an order for new trial on all counts for which he received a sentence of imprisonment, a sentence that does not include imprisonment, or a reduced sentence to a term of imprisonment "less than the total time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b). When Congress enacted the Bail Reform Act, it "shifted the burden of proof from the government to the defendant" with respect to demonstrating the propriety of remaining free on bail, pending appeal. *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985). Thus, it is the defendant's burden to overcome the presumption that he should be detained while his appeal is pending. *See United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

The Court finds that defendants have met their burden to demonstrate that they are not flight risks nor a danger to the community, and that the appeals are not for purposes of delay. However, the Court concludes that defendants have not demonstrated the third factor necessary for bail pending appeal, namely that the appeals raise a substantial issue of law or fact that is likely to result in reversal, an order for a new trial, or a reduced sentence to a term of imprisonment less than the total time served plus the expected duration of the appeal process.

**IT IS SO ORDERED**.

Dated: January 21, 2020

_____
SUSAN ILLSTON
United States District Judge