UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID LONICH, *et al.*,<br><br>Defendants. | Case No. 14-cr-00139 SI and Case No. 17-cr-00139 SI<br><br>**ORDER GRANTING DEFENDANT LONICH'S MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 977 in 14-cr-139 SI and Dkt. No. 455 in 17-cr-139 SI |

On April 23, 2021, the Court held a hearing on defendant David Lonich's renewed motion for compassionate release. For the reasons set forth below, the Court GRANTS the motion.

**BACKGROUND**

David Lonich is a 66-year-old man who suffers from prostate cancer, hypertension, high cholesterol and sleep apnea. Dkt. No. 467 (Def.'s Reply) at 5.[1] In October 2018, he was sentenced by this Court to 80 months of imprisonment and 36 months of supervised release for conspiracy to commit bank fraud and bank fraud, conspiracy to commit wire fraud and wire fraud, money laundering, false bank entries and obstruction of justice. Dkt. No. 450 (Order Denying Defs.' Mot. for Compass. Release) at 1 and n.1. He is currently incarcerated at FPC Montgomery in Alabama with a projected release date of June 19, 2024. *Id*. at 2. He has served approximately 41 percent of his sentence.

Mr. Lonich submitted an administrative request for compassionate release to the FPC

---

[1] For ease of reference, page number citations refer to the ECF branded number at the top of each page in 17-cr-00139.

1  Montgomery Warden on April 7, 2020, and supplemented it on April 23, 2020, through counsel.
2  Dkt. No. 433 (Def.'s First Mot. for Compass. Release) at 16-17; Dkt. No. 433-1 (Harris Decl.) Exs.
3  A, F.  He first moved the Court to grant him compassionate release on May 4, 2020. Dkt. No. 433
4  (Def.'s First Mot. for Compass. Release).  At that time, the Court found that Mr. Lonich was not a
5  danger to the community, that he had "exhausted [his] administrative remedies by submitting
6  administrative requests for compassionate release more than 30 days ago," but that he did not suffer
7  from a physical or mental condition diminishing his ability to provide self-care within a correctional
8  facility from which he is not expected to recover.  Dkt. 450 (Order Denying Defs.' Mot. for
9  Compass. Release) at 4 and 4 n.5.  The Court denied Mr. Lonich's initial motion "without prejudice
10 to renewal" if his "health or prison conditions significantly deteriorate[d]." *Id*.

11 On December 22, 2020, Mr. Lonich was diagnosed with COVID-19.  Dkt. No. 455 (Def.'s
12 Second Mot. for Compass. Release) at 3.  He filed the instant renewed motion for compassionate
13 release on January 11, 2021.  *Id*.  On March 12, 2021, the Court held a hearing on defendant's
14 renewed motion for compassionate release.  Dkt. No. 468 (Minute Entry for Proceedings).  At that
15 hearing, the Court instructed defense counsel to resubmit another administrative written request to
16 BOP authorities for compassionate release and stayed the instant motion pending resubmission. *Id*.
17 On April 12, 2021, defendant filed a notice stating he resubmitted an administrative request for
18 compassionate release to the Warden of FPC Montgomery on March 12, thirty days had passed
19 since the submission of that request and Mr. Lonich had not received any response from BOP
20 authorities.  Dkt. No. 471 (Notice re: Def.'s Admin. Request).

21 The Court held a second hearing on April 23, 2021.  At the hearing, the government stated
22 that Mr. Lonich received the one-dose Johnson & Johnson COVID-19 vaccine earlier this month.
23 In addition, the sister of one of Mr. Lonich's victims spoke and objected to the procedure of
24 compassionate release.  Dkt. No. 473 (Minute Entry) at 1.

26 **LEGAL STANDARD**

27 Defendant filed his motion pursuant to 18 U.S.C. § 3582(c)(1)(A).  As amended by the First
28 Step Act, that statute provides:

[T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –

(i) extraordinary and compelling reasons warrant such a reduction

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Ninth Circuit has held "the Sentencing Commission has not yet issued a policy statement 'applicable' to 3582(c)(1)(A) motions filed by a defendant" and "the Sentencing Commission's statements in U.S.S.G. § 1B1.13[2] may inform a district court . . . [but] are not binding." *United States v. Aruda*, __ F.3d __, No. 20-10245, 2021 WL 1307884, at *11 (9th Cir. Apr. 8, 2021) (per curiam).

## DISCUSSION

As an initial matter, the Court finds that Mr. Lonich has exhausted administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A). After the March 12, 2021 hearing on Mr. Lonich's second

---

[2] Section U.S.S.G. § 1B1.13 states:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1) (A) extraordinary and compelling reasons warrant the reduction; or

(B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

motion for compassionate release, Mr. Lonich filed another written request for compassionate release with the FPC Montgomery Warden and waited 30 days for a response while the Court held the instant motion in abeyance. BOP authorities have not responded. Dkt. No. 471 (Notice re: Def.'s Admin. Request) at 1.

The government opposes the motion, but states that if the Court grants the motion, the Court should reduce Mr. Lonich's sentence to time served and convert his remaining sentence to a term of probation or supervised release conditioned upon home confinement, followed by the term of supervised release with conditions originally ordered by the Court. Dkt. No. 461 (Gov't Oppo.) at 16.

At the April 23 hearing, the government argued this Court lacks jurisdiction over the instant motion for compassionate release because Mr. Lonich has appealed his sentence to the Ninth Circuit. However, the government is not appealing his sentence. Mr. Lonich does not request this Court adjudicate any issue subject to his appeal. Dkt. No. 467 (Def.'s Reply) at 6 n.1. Instead, he seeks a sentence modification under 18 U.S.C. § 3582(c)(1), which provides this Court with jurisdiction over his motion for compassionate release.[3]

The government argues Mr. Lonich's compassionate release is not warranted on three additional grounds: (1) defendant has failed to present extraordinary and compelling reasons warranting release, (2) he remains a danger to others and (3) the 18 U.S.C. § 3553(a) factors weigh against his release. Dkt. No. 461 (Gov't Oppo.) at 14-16.

The Court finds Mr. Lonich has presented extraordinary and compelling reasons justifying compassionate release due to his age, health conditions, and prior COVID-19 infection. The government argues that Mr. Lonich's risk of severe viral symptoms and death is reduced because he has received a COVID-19 vaccine. Nevertheless, uncertainty still surrounds the degree and duration of protection vaccines provide against the virus or its mutations. At least one court has found in light of the pandemic, a defendant's age and underlying health conditions constitute an

---

[3] In the event this Court lacks jurisdiction over defendant's motion for compassionate release because of the pending appeal, the Court alternatively directs that this order should be construed as an indicative ruling that the Court would grant the motion upon remand. *See* Fed. R. Crim. P. 37(a)(3).

extraordinary and compelling reason to grant release even though the defendant was vaccinated and had previously contracted COVID-19. *See United States v. Sweet*, No. 07-20369, 2021 WL 1430836, at *2 (E.D. Mich. Apr. 15, 2021) (granting compassionate release to 73-year-old with chronic kidney disease and smoking history despite vaccination and previous COVID-19 diagnosis, finding "the threat of severe illness or death from COVID-19, while diminished, is nevertheless real.") Defendant further presents the expert testimony of infectious disease specialist and UCLA assistant clinical professor Tara Vijayan, M.D., M.P.H., who asserts that reinfection of people who have recovered from COVID-19 is possible and "more likely in an environment where re-exposure with a high viral inoculum is likely. Prisons and jails are such environments." Dkt. No. 467 (Def.'s Reply) Ex. B. at 24-25.[4] The government concedes "[t]he science surrounding COVID-19 and the possibility of reinfection is still developing." Dkt. No. 461 (Gov't Oppo.) at 14. The Court previously acknowledged Mr. Lonich's age and medical conditions place him at higher risk of complications if infected with the virus and left open the possibility of renewal should his health or prison conditions deteriorate. Dkt. No. 450 (Order Denying Def.'s Mot. for Compass. Release) at 4. Since then, scientific studies have increased our understanding of COVID-19 risk factors. People who are 65-74 years old are 1,100 times more likely to die from infection than the age 5-17 reference group. *See* Risk for COVID-19 Infection, Hospitalization, and Death By Age Group (2/18/21), https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-age.html. Furthermore, the spread of coronavirus has severely impacted prisons nationwide. The Court finds Mr. Lonich's age in conjunction with the pandemic's rampant spread throughout the prison system constitutes an extraordinary and compelling reason warranting his release to home confinement.

The Court previously found Mr. Lonich was not a danger to the community and finds so again. Dkt. No. 450 (Order Denying Def.'s Mot. for Compass. Release) at 4. Mr. Lonich has no prior criminal record and has "kept all court appearances, complied with conditions of pretrial release, and is not viewed as a flight risk or a danger to the community." Dkt. No. 284 (Probation

---

[4] At the April 23 hearing, defense counsel read from some news articles regarding the risk of reinfection after vaccination. The Court does not rely on that hearsay in this order.

1 Presentence Report) at 15-16, 35.  Upon release, Mr. Lonich will serve the remainder of his sentence
2 in a home in Montgomery, Alabama that has been screened and approved by U.S. Probation. Dkt.
3 No. 464 (U.S. Probation Resp.) at 1.  He will be under the care of his wife, who has no criminal
4 record and owns no weapons. *Id*.

5 Finally, the Court finds the 18 U.S.C. § 3553(a) factors weigh in favor of Mr. Lonich's
6 release.  Sentence modification comports with § 3553(a)(2)(B)'s requirement to "afford adequate
7 deterrence to criminal conduct," because the duration of Mr. Lonich's sentence will not be reduced.
8 Instead, he seeks to reduce his sentence to time served and convert the remainder to a term of
9 supervised release with a condition of home confinement, followed by the original term of
10 supervised release with conditions imposed by the Court.  Dkt. No. 467 (Def.'s Reply) at 14-15.
11 The government agrees with these conditions if Mr. Lonich's compassionate release is granted. Dkt.
12 No. 461 (Gov't Oppo.) at 16.  Furthermore, modifying Mr. Lonich's sentence to home confinement
13 does not offend the need "to protect the public from further crimes of the defendant."  18 U.S.C.
14 § 3553(a)(2)(C).  The Court notes Mr. Lonich has been disbarred as an attorney for the role he
15 played in these financial crimes.  Importantly, modifying Mr. Lonich's sentence to supervised
16 release with a condition of home confinement also aligns with the need to "provide the defendant
17 with . . . medical care . . . in the most effective manner."  18 U.S.C. § 3553(a)(2)(D).

18 The Court acknowledges the testimony given by the sister of one of Mr. Lonich's victims.
19 She expressed understandable anger at the losses suffered by her sister, who has since died of cancer.
20 She also objected generally to the compassionate release mechanism.  However, Congress passed
21 the First Step Act to allow defendants to directly move the Court for compassionate release in
22 extraordinary and compelling circumstances, which the Court finds here.  This order in no way
23 represents an exoneration of Mr. Lonich.

## CONCLUSION

26 Having carefully considered the parties' papers, the Court hereby GRANTS defendant's
27 motion for compassionate release, finding defendant has exhausted administrative remedies,
28 presents an extraordinary and compelling reason warranting his release, poses no danger to the

community and that the 18 U.S.C. § 3553 factors weigh in his favor.

Accordingly, the Court modifies defendant's sentence of imprisonment to time served, and the Court imposes a term of supervised release with the special condition of home confinement for the duration of defendant's current sentence of imprisonment (until June 19, 2024), to be followed by the term of supervised release imposed in the original sentence.

Defendant shall be released only after all release and travel plans are in place. Defendant shall satisfy the 14-day quarantine during his term of home confinement. *See United States v. Connell*, No. 18-CR-00281-RS-1, 2020 WL 2315858 (N.D. Cal. May 8, 2020) at *7 (ordering immediate release of defendant to satisfy the 14-day quarantine "during his term of home confinement").

**IT IS SO ORDERED**.

Dated: April 28, 2021

SUSAN ILLSTON
United States District Judge